# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSALIND M. ANTHONY,
      Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
      Agency.

DOCKET NUMBER
PH-0432-15-0405-I-1

DATE: July 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rosalind M. Anthony</u>, Baltimore, Maryland, pro se.

<u>Dane Choe</u>, Esquire, and <u>Sandra Jackson</u>, Esquire, Baltimore, Maryland,
   for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed her demotion for unacceptable performance under chapter 43. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective October 5, 2014, the agency demoted the appellant from the GS-7, Step 7, Legal Administrative Specialist-Benefit Authorizer position to a GS-6, Step 8, Administrative Assistant position based on her unacceptable performance on the Critical Element of "Engages in Learning." Initial Appeal File (IAF), Tab 4 at 35-36. This Critical Element required the appellant to: process work accurately; successfully complete on-the-job training; seek assistance when appropriate; learn to conduct research independently; demonstrate the ability to retain material and to apply that material when appropriate; and demonstrate progress towards independent completion of work. *Id*. at 36, 62-66. The agency determined that the appellant failed to make adequate progress under this Critical Element during a required training and the agency placed her on a 30-day Performance Assistance Plan. *Id*. at 68. After the appellant failed to improve, the agency placed her on a 120-day Opportunity to Perform Successfully (OPS) plan. *Id*. at 55-60. The agency subsequently demoted the appellant after determining that she failed to demonstrate acceptable performance on the OPS plan under the Critical Element of "Engages in Learning." IAF, Tab 4 at 34-35, 54.

¶3    The appellant filed an equal employment opportunity (EEO) complaint with the agency challenging her demotion and alleging that the agency discriminated against her on the bases of her age, race, and sex.  IAF, Tab 6 at 7-27; *see* IAF, Tab 27, Initial Decision (ID) at 6 n.4.  After the agency issued a final agency decision on the appellant's EEO complaint, she filed a timely mixed-case appeal with the Board challenging her demotion and alleging discrimination based on race, sex, and age.  IAF, Tab 1; *see* ID at 6.  Based on the written record, the administrative judge affirmed the agency's decision to demote the appellant.[2]  ID at 2.  The administrative judge found that the agency proved all of the elements required under chapter 43 to demote the appellant for unacceptable performance in the Critical Element of "Engages in Learning," and that the appellant failed to prove her affirmative defenses of discrimination based on age, race, and sex.  ID at 7-13.  The administrative judge also found that the Board has no authority to mitigate an agency's penalty determination taken under chapter 43.  ID at 13.

¶4    The appellant has filed a petition for review arguing that "there should be a closer look at the Age discrimination" claim in her case.  Petition for Review (PFR) File, Tab 1 at 3.  The appellant also appears to argue that she was unable to participate in the appeal due to poor representation and that she raised this issue before the administrative judge.  *Id.*  The agency responded in opposition to her petition.  PFR File, Tab 3.

¶5    An agency may reduce in grade or remove an employee for unacceptable performance pursuant to 5 U.S.C. § 4303 when the agency proves through

---

[2] Because the appellant failed to show good cause for her failure to comply with the instructions contained in the hearing order, the administrative judge cancelled the hearing requested by the appellant and issued a decision based upon the written record. ID at 2.

substantial evidence[3] that: (1) the appellant's performance fails to meet the established performance standards in one or more critical elements of her position; (2) the agency established performance standards and critical elements and communicated them to the appellant at the beginning of the performance appraisal period; (3) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her an adequate opportunity to improve; and (4) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *See Gonzalez v. Department of Transportation*, <u>109 M.S.P.R. 250</u>, ¶ 6 (2008). On review, the appellant does not object to the administrative judge's findings that the agency proved that her performance was unacceptable in a critical element of her position and that she failed to prove her affirmative defenses of discrimination based on sex and race. We therefore affirm those findings.

¶6 On review, the appellant asks the Board to take a closer look at her affirmative defense of age discrimination, but she submits no new evidence or argument in support of her claim. PFR File, Tab 1 at 3. The appellant claims that the administrative judge did not consider an "age chart when [the] class was divided." We disagree. The administrative judge reviewed the data showing that 6 of the 8 trainees over the age of 40 failed the training, while only 1 of the 7 trainees under 40 was unsuccessful. *Id*.; ID at 11-13. The administrative judge considered this data troubling, but found that an in-depth review of the evidence supported the agency's position that it did not treat the trainees differently based on age. ID at 12.

¶7 In reaching his decision, the administrative judge also considered the declaration of a 61-year-old African American woman who explained that the trainees experiencing difficulties were put in the same class to provide more

---

[3] Substantial evidence is that degree of evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. *See* <u>5 C.F.R. § 1201.56</u>(c)(1).

training and assistance to help them improve. ID at 12-13. The administrative judge further considered the EEO Report of Investigation into the appellant's claims of discrimination and the exhibits included with her filings. ID at 11-13. The administrative judge found that the agency offered a legitimate nondiscriminatory reason for dividing the trainees into two classes and that the appellant offered no evidence to show that the reason proffered by the agency was pretext. ID at 13.

¶8    The administrative judge found, moreover, that the agency applied the same objective performance measures to all trainees and did not discriminate in deciding who passed and who failed the Benefit Authorizer training. *Id.* The administrative judge determined that the appellant did not claim, and there was no evidence to suggest, that the agency applied those standards more rigorously when assessing older female trainees or that it intentionally failed those trainees despite having met the standard. *Id.* The administrative judge further found that the appellant admitted that she was unable to meet the required standard of processing at least five cases a day with a required minimum accuracy rate. *Id.* Based on our review, we find that the appellant has failed to identify any factual or legal basis for disturbing the administrative judge's well-reasoned initial decision finding that she failed to prove her affirmative defense of age discrimination. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that there is no reason for disturbing the initial decision where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9    Next, the appellant argues on review that she was denied adequate representation below and that she informed the administrative judge about this issue. PFR File, Tab 1 at 3. The appellant, however, is responsible for the alleged errors of her chosen representative, except where her diligent efforts to prosecute her appeal are thwarted by her representative's negligence or

malfeasance. *Moore v. Department of Veterans Affairs*, [80 M.S.P.R. 268](#), 271 (1998). The appellant states that, occasionally, her union attorney representatives did not "work with" her and that she did not know the law. PFR File, Tab 1 at 3. She also asserts that she missed the hearing and a prehearing settlement opportunity because of poor representation, and she feels like she "was set up for failure." *Id*. Having considered the appellant's arguments, we find that she has not shown that her union representatives' negligence or malfeasance thwarted her diligent efforts to prosecute her appeal.

¶10     Moreover, the record reflects that the administrative judge cancelled the hearing because the appellant failed to show good cause for her failure to comply with the hearing order and submit prehearing submissions and participate in the prehearing teleconference. IAF, Tabs 18, 22. The administrative judge rejected the appellant's argument that her noncompliance should be excused because she was unable to obtain legal representation. IAF, Tab 22 at 2. The administrative judge noted that he informed the appellant at a status conference about her obligation to file prehearing submissions, the filing deadline, and the date of the prehearing teleconference. *Id*. The administrative judge also noted that he issued the hearing order immediately after the status conference and provided the appellant with clear written notice of these obligations. *Id*. Finally, after the administrative judge cancelled the hearing, he allowed the appellant to submit additional evidence in support of her appeal, the appellant availed herself of that opportunity, and the administrative judge considered these submissions in reaching his decision. *Id*.; ID at 2 n.2. We therefore deny the petition for review and affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: 	 _____
	 Jennifer Everling
	 Acting Clerk of the Board

Washington, D.C.